# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and*
*Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

October 6, 2016

The Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York   11201

RE:    **United States v. Qumille Love, 15-cr-284-DLI-1**

Dear Judge Irizarry:

I write in mitigation of sentence for Mr. Love scheduled for sentence on 10/24/2016 at 11:00.  The PSR incorrectly suggests that Love is a career offender based upon two third degree robbery convictions ignoring the holding of the U.S. Supreme Court in Johnson v U.S., 135S.Ct.2551(2015) (Johnson II) and the Court of Appeals in U.S. v Corey Jones 830_F3d_142, (2nd Cir. 2016) vacated pending Beckles v. U.S. U.S.Sup.Ct.No.15-8544, (10/3/16).  As New York robbery in the third degree is not categorically a crime of violence (c.o.v) Love is not a career offender.  Probation and the government ask the Court to find Love a career offender anyway by applying the August 1, 2016 USSG amendment which lists robbery as an enumerated C.O.V.  They seek to have the Court apply the subsequent amendment to the crime guideline and ignore Peugh v U.S., US_133S.Ct.2072 (2013) which found it a violation of the ex post facto clause to apply a subsequent to the crime guideline amendment to raise a guideline. Further as bank robbery may be committed without force or threat of force but by intimidation by note (as here) the instant case is not a C.O.V. supporting the application of the career offender guideline, regardless of his prior record.  In addition, regardless of a career offender finding Love's particularly non violent "note robbery" criminal history suggests that either a career offender finding or a straight regular guideline 84-105 range seriously overstate the risk Love presents to the community because he is not violent.

## I. **N.Y. Robbery in the third degree is not a crime of violence.**

In response to defendant's 9/14/16 objection letter (attached as Appendix A) probation has now specified defendant's 10/27/08 and 11/12/08 Queens and Manhattan convictions for

robbery in the third degree as crimes of violence predicates for career offender status. Both probation and the government appear to concede that after Corey Jones New York robbery in the third degree does not qualify as a C.O.V. under the force clause. And of course neither argues that the residual clause still applies. Both argue that because the August 1, 2016 guideline amendment lists robbery as a specifically enumerated crime in the career offender C.O.V. definition, N.Y. robbery in the third degree counts. As this would be an ex post facto application of a 8/1/16 new guideline to 5/4/15 and 5/5/15 acts it is clear violation of Peugh which says that a subsequent to the offense guideline may not raise the applicable guidelines.

These convictions of NY Robbery in third degree are not crimes of violence in the Second Circuit. In U.S. v. Corey Jones, 830_F3d142_, (2nd Cir.2016) vacated pending Beckles v. U.S., No.15-8544 the Court of Appeals held that N.Y.P.L § 160.15 (2), first degree robbery while armed with a deadly weapon, was not categorically a crime of violence. It applied Johnson v. U.S. 135 S. Ct. 2551 (2015) to the guidelines and specifically to the career offender calculation. On the way to finding N.Y.P.L.§ 160.15 (2), robbery with a weapon, not be categorical violent the Court of Appeals made it clear that simple robbery involving forcible stealing (i.e. robbery in the third degree) is not categorically a crime of violence:

> ...we are compelled to conclude in the wake of Johnson [559 US 133 (2010) (Johnson I)] that a New York robbery conviction involving forcible stealing, absent other aggravation factors, is no longer necessarily a conviction for "crime of violence" within the meaning of the Career Offender Guideline.
>
> Jones slip op.at p. 11

N.Y.P.L § 160.05 defines robbery in the third degree: "A person is guilty of robbery in the third degree when he forcibly steals property." N.Y.P.L. § 160.05. According to the Court of Appeals in Jones that is not a C.O.V. for career offender purposes thus robberies do not qualify as C.O.V.s.

On 10/3/2016 The Court of Appeals sua sponte vacated Jones pending the outcome of Beckles v U.S., 15-9544, in which the Supreme Court granted certiorari on whether Johnson II was retroactive and whether it applied to the guidelines career offender status. Basically Jones is stayed. However the underlying reasoning of Jones still applies.

Jones found that in Johnson v U.S., 559US133 (2010) (Johnson I) the Supreme Court held that physical force for a crime of violence means "violent force". This is considerably greater than " the slightest offensive touching" or "merest touching" which constitutes common law force. Under the categorical approach to defining what constitutes a C.O.V., if a state crime is broader than the generic definition of the putative C.O.V. it does not qualify as a predicate. The Court of Appeals examined the minimum which could constitute NY robbery and found that it did not necessarily involve the use of "violent force." In People v Bennett, 219 AD2d570 (N.Y.App.Div 1st.Dept.1995) blocking a victim's pursuit of a pickpocket was sufficient to constituted robbery. In People v Lee, 197AD2d378(NYAppDiv 1st Dept. 1993) bumping a victim and taking money while another forcibly blocked pursuit constituted robbery. In People v Safon, 166AD2d 893. (NY AppDiv 4th Dept. 1990) "...evidence that 'the store clerk grabbed the hand in which defendant was holding the money and the two tugged at each other until the defendant's hand slipped out of the glove holding the money', was sufficient. These New York

cases established that New York robbery does not require force capable of causing physical pain or injury to another in the terms of Johnson I.

The logic of Jones has not been changed by the stay. The parsing of the elements of simple New York robbery based upon the analysis of New York cases is unchanged. The logic of the Court of Appeals still holds and still requires a finding that NY robbery in the third degree is broader than the definition of the force clause from Johnson I. NY robbery in the third degree is not a C.O.V. because it does not require the violent physical force defined by Johnson I as necessary for a C.O.V.

II. **The application of the August 1, 2016 guideline amendment making robbery an enumerated violent crime to Loves May 2015 offense violates the ex post facto clause.**

Both the government and probation argue that the new 8/1/2016 guidelines amendment requires that Love's third degree robberies count as violent crimes. They point to the new enumerated offense clause which specifies robbery as C.O.V. They imply that because robbery is now explicitly specified there is no need to look to the force clause or the now unconstitutional residual clause defining what constitutes a C.O.V.. Their arguments fail because an increased guideline based upon a post crime amendment violates ex post facto. See, Peugh v. U.S. ____ vs____, 135 S. Ct. 2072 (2013).

Probation makes it clear that it is the 8/1/16 amendment which responds to Johnson II, removes the residual clause, and "revised" the list of enumerated C.O.V.s to specify robbery. Probation tries to claim that this was always the case, despite admitting that it is in effect only since the 8/1/16 amendment. They also admit that the amendment supercedes Jones, acknowledging sub silentio that the commission is revising the guidelines to comply with Johnson II and Jones.

At the time of Love's offenses, Guideline 4B1.2(a) defined "crime of violence" as:

(1)     has an element the use, attempted use, or threatened use of physical force against the person of another [hereinafter the "force clause"], or

(2)     is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another [hereinafter the "residual clause"].

In Jones, the Second Circuit held that New York robbery in the first degree under N.Y. Penal Law Section 160.15(2) – "forcible stealing" while "armed with a deadly weapon" –could not count as a crime of violence under either clause. It did not qualify under the force clause because it did not require the use of violent physical force, as the federal standard does. Jones, 830 F.3d 142 (2nd Cir. 2016), vacated pending Beckles v. U.S., No. 15-8544, (2nd Cir. 10/3/16).

Although Jones has been vacated pending Beckles, defendant has argued extensively that

Jones merely applied Johnson II. In the absence of the residual clause, N.Y. robbery in the third degree does not qualify as a crime of violence because it does not require violent physical force. Under the prior guidelines definition, Love's robberies do not qualify as C.O.V.s.

On August 1, 2016, Guideline 4B1.2(a) was amended as described in the government's sentencing memorandum excerpted below:

Effective August 1, 2016, section 4B1.2(a) defines "crime of violence" to mean:

> [A]ny offense under federal or state law, punishable by
> imprisonment for a term exceeding one year, that –
>> (1)   has an element the use, attempted use, or threatened
>> use of physical force against the person of another,
>> or [the "Force Clause"],
>> (2)   is murder, voluntary manslaughter, kidnaping,
>> aggravated assault, a forcible sex offense, robbery
>> arson extortion, or the use of unlawful possession of
>> a firearm as described in 26 U.S.C. § 5845(a) or
>> explosive material as defined in 18 U.S.C. § 841©
>> [the "Enumerated Offense Clause"].

Gov't Mem., p. 3 (emphasis added by government)

As literally underscored by the government, "the definition of 'crime of violence' in its current form" now includes robbery. The Probation Department likewise notes: "Given the amendments to the guidelines, which are now in effect and applicable to the defendant's sentencing, the crime of violence guideline at 4B1.2(a) can now be read to state, in pertinent part: 'The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-...is...robbery.'"; *compare* former U.S.S.G. § 4B1.2(a) ("any [such] offense...that is burglary of a dwelling, arson, or extortion"). Thus, both the government and Probation recognize that the amended version of Guideline 4B1.2(a), by including robbery as a crime of violence almost doubles Love's sentencing range.

The joint position of the government and probation if followed would create an ex post facto problem. The government's position and Probation's fly right in the face of the Supreme Court's holding in Peugh v. United States, ___ U.S. ___, 133 St. Ct. 2072, 2078 (2013): "We hold that there is [] an ex post facto violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines range than the version in place a the time of the offense." This was well-established in the Circuit even before the Supreme Court's decision in Peugh. See, .e.g. United States v. Kilkenny, 493 F.3d 122, 127 (2d Cir. 2007).

In contending that "the Court should apply the definition of 'crime of violence' in its amended form because no ex post facto problem exists[,], the government and probation claim that the Sentencing Commission "did not create or announce a new rule by amending § 4B1.2." Gov't Memo., p. 4. This is so, they say, because the Commission left the force clause unchanged and also because it "indicated,"in its supplemental comments, that the enumerated offenses it

now lists in Section 4B1.2(a)(2), "including robbery, have 'always' qualified as "crimes of violence regardless of whether the offense expressly has an element the use, attempted use, or threatened use of physical force against the person on another." ("Additionally, the Sentencing Commission made clear that this was a clarifying amendment, and that robbery and the other enumerated offenses were always intended to be considered crimes of violence").

These claims are untenable and, in any event, largely beside the point.[1] Whether a law is <u>ex</u> <u>post</u> <u>facto</u> does not turn on whether is it announced as, intended to be, or considered to be a "new rule" let alone based on the declarations of the body that enacted it. "To decide whether a criminal law is <u>ex</u> <u>post</u> <u>facto</u>," the Second Circuit has explained, "we apply a two-part test: first, the law must be retrospective, applying to events that occurred before its

---

[1]Probation's statement that the Sentencing Commission "made clear that this was a clarifying amendment" is simply not true, and it belied by its own explanation of the amendment as well as Probation's description thereof. The Commission did not say this was a clarifying amendment.  It said close to the opposite: "This amendment is the result of multi-year study prompted by concerns and problems relating to the definition of 'crime of violence." <u>See</u> U.S.S.C. Supplement to the 2015 Guidelines Manual, Letter of Patti B. Saris, August 1,2016. The Commission made its decision to promulgate this amendment after a public hearing, the review of extensive public comments, and a careful examination of crime data,. <u>Id</u>. And, as the PSR addendum itself notes, the "amendment is a result of considering the varying case law interpreting statutory and guideline definitions relating to the nature of a defendant's prior conviction(s) to include the Supreme Court's decision in <u>Johnson v. United States</u>, 135 St. Ct. 2551 (2015).  The amendment eliminated the residual clause in the definition of 'crime of violence,' revised the list of specific enumerated offenses that qualify as a 'crime of violence' and moved the list of enumerated offenses into the substantive guideline." By any relevant measure, this amendment was substantive, and Probation's view that it "in effect supersede[s] <u>United States v. Jones</u>" only serves to solidify this conclusion. <u>See</u>, e.g., <u>United States v. Rivera</u>, 662 F.3d 166, 183-84 (2d. Cir.2011) ("However, because the amendments to § 1B1.10, *which abrogate the law of this and certain other circuits,* are substantive, rather than merely clarifying, they cannot fairly be applied retroactive to Rivera's § 3582(c)(2) proceeding on remand.") (emphasis added) (internal citation omitted); <u>United States v. Munn</u>, 595 F.3d 183, 194 (4th Cir. 2010) ("[A]n amendment that conflicts with circuit precedent is a substantive amendment, even if 'it is designed merely to elucidate the original intent of the Commission."); <u>United States v. Groves</u>, 369 F.3d 1178, 1183 (10th Cir. 2004) ("If a guideline amendment contradicts... controlling case law, that amendment is necessarily substantive.").

In any event, "the manner in which the Commission describes a guideline amendment is not dispositive." Instead, the Court's "'own independent interpretation of the pre-amendment language is controlling, and the mere fact that the amendment is referred to as a clarificationor a revision is ordinarily of slight import to our analysis." <u>United States v. Marmolejos</u>, 140 F.3d 488, 493 (3rd Cir. 1998) (citation omitted).

enactment; second, the law must be disadvantageous to the individual affected by it." United States v. Kilkenny, 493 F.3d at 127, citing Miller v. Florida, 482 U.S. 423, 430 (1987). The amended guideline here is clearly retrospective, if applied to Love's conduct in May 2015. Likewise, "it is not disputed that defendant" is disadvantaged by the application of the amended guidelines, as they subject him to a significantly higher recommended guidelines range than those in place at the time of his offense. Kilkenny, 493 F.3d at 127; accord, Peugh, 133 St. Ct. at 2085.

"When the application of the guidelines in effect at the time of sentencing would result in a more severe penalty than would application of the guidelines in effect at the time the offense was committed, the ex post facto clause requires the use of the earlier version of the guidelines." Kilkenny, 493 F.3d at 127. Hence, in Mr. Love's case, the ex post facto clause requires the use of the version in effect on May 2015. Under that version his New York robbery convictions do not count as crimes of violence.

### III.   The offenses of conviction, bank robbery and attempted bank robbery are not crimes of violence and thus do not trigger the career offender analysis.

The PSR and the government err in trying to apply the career offender statute to Love's non-violent bank robberies. The PSR does get right in paragraph 34 that the career offender enhancement only applies if the offense of conviction is a controlled substance offense or a crime of violence. Although the PSR is silent again they probably think unarmed bank robbery is a C.O.V.. As the offenses of conviction are not C.O.V.s the career offender analysis is misapplied.

Love allocuted to going into three banks and handing the tellers a note saying this is a bank robber. On the second and third occasion, the attempted robberies, the teller refused and he walked out. These were not violent.

18 USC § 2113 defines bank robbery, inter alia, as taking or attempting to take, "...by force and violence, or by intimidation..." Here of course Love used neither force nor violence. His plea was legally sufficient because his factual allocution constituted intimidation. Several circuit court cases find "note only" bank robberies legally sufficient because the note constitutes intimidation.

In U.S. v . Lawrence, 618 F2d 986 (2nd Cir. 1980) the Court of Appeals found no force or violence but the note. Saying I don't want to see anyone hurt sufficed to constitute intimidation. In U.S. Henson, 945 F2d 430 (1st Cir. 1991) the Court found a demand for money to constitute intimidation in the absence of force or threat of violence. Under the case law and in the facts of this case, note only intimidation constitutes bank robbery. Explicity the cases found no force or violence. And there was none here.

Although in a completely different context the federal bank robbery analysis is similar to the logic applied in Jones. If one looks at the elements found sufficient in prior federal bank robbery cases they do not rise to the level of violent physical force found necessary in Johnson I for a C.O.V. In both Lawrence and Henson the several Courts of Appeals found a note in the

absence of force or threats to be sufficient. As interpreted in this hoary precedent, federal bank robbery does not require force or threat of force.

## IV.  Overstated Guidelines.

The non career offender guideline from paragraphs 33, 35 and 36 of the PSR are an adjusted offense level 22, C.H. category VI which would yield an 84-105 months guideline. That range is extraordinarily high for a non violent bank robber. It is the product of three extra points for grouping because Love pled to all three charges, eschewing the government's offer to plead to the one completed robbery because the offer included a waiver of his right to appeal a career offender finding. After Johnson v. U.S., 135 S.Ct. 2551 (2016) the government's career offender guideline estimate and resultant appeal waiver was unfathomable. In order to preserve his right to appeal Love pled to the entire indictment without a plea agreement. As a result Love is at offense level 22 rather that the 19 he was offered if he would waive his right to appeal a career offender finding. The second factor more or less doubling Love's guidelines sentence range is his Criminal History category of VI. Defendant does not dispute the accuracy of the calculation. However, the top of the Criminal History range seriously overstates the danger he presents to the community because of the lack of violence.

Love is a career bank robber. The PSR reports approximately nine robbery convictions. All except two are bank robberies. All the bank robberies are note robberies. One of the street robberies was a chain snatch. The PSR reports that one involved a claim of possession of a knife that was not an element of the crime to which Love pled. The factual recital claiming possession of a knife comes only from the police report and it is not reflected in the putative offense of conviction.

Love is a bank robber but he is a non violent "note" robber. The instant offenses to which Love pled are typical. The bank videos show Love waiting patiently in line to commit the robbery. [photo of defendant in line attached as exhibit B] He presented a note which said "this is a bank robber [sic]". Not even a threat involved. In the two attempts the tellers refused to give him anything and he walked out. The complete absence of threat of force appears to have motivated the tellers to disregard Love. Love is a bank robber. But he is as non violent a bank robber as I have ever seen. Love's lengthy record overstates the dangerousness to the community which he presents. He is a non violent note robber.

Love's guidelines are inflated by the fact that he was forced to plead to the indictment and the results of grouping to preserve his right to appeal. They are further inflated by C.H. category VI. The Court should ignore the penalty for preserving his right to appeal and deem his adjusted offense level to be 19 rather than 22. With a C. H. category VI that would result in a 63 to 78 months guideline. A bottom of the guideline, 63 months, would be appropriate given the overstated seriousness of the record.

## V.  Tragic Personal History

Qumille Love presents an example of what in the pre Booker era was a "tragic personal

history" downward departure.  Love is a basket case.  His parents died at 50 and 60, presumably partially a result of poor person's health care.  Nobody worked much.  He grew up very poor.  Many of his siblings had serious drug problems.  One was incarcerated.  One died of gun violence.

Love had relationships with two women which resulted in two children with whom he has had almost no contact.  The relationships were very short and resulted in numerous domestic violence arrests.

When Love is out of jail he lives with his impoverished sister or in a shelter.  Love dropped out in 9th grade.  Notably he can read.  He has never worked.  He is addicted to various drugs and has been throughout his adult life.  Many of his family are too.  He has been in and out of programs repeatedly to no avail.  According to friends and family he has mental problems, certainly depression all his life although the MCC demurs.

Love has spent his adult life in and out of jail.  His close friend opines that he may be more comfortable in jail than out.  At least he has structure, housing, food and somewhere to go everyday in jail.  There has been no structure whatever on the street for him.

Love appears to have detoxed in jail.  He is over 40, beyond the age at which most defendants age out of crime.  As the PSR notes he was flabbergasted at the possible consequence of a rest of his life career offender sentence.  A five year sentence, the bottom of what the guidelines ought to be with an upward departure to a lengthy period of supervised relief is worth a chance.

Respectfully,

PETER KIRCHHEIMER, ESQ.
Deputy Attorney-in-Charge
(718) 330-1206

cc:     AUSA Gilman (By Hand and ECF)
        P.O. Maneggio (By Hand)
        Qumille Love (By Mail to MCC)

# Exhibit A

# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and*
*Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

September 14, 2016

P.O. Jared Maneggio
United States Probation Officer
United States Probation Department
Eastern District of New York
One Pierrepont Plaza, 18th Floor
Brooklyn, New York 11201

       Re: U.S. v. Qumille Love, 15-CR-284 (DLI)

Dear P.O. Maneggio:

       I write to correct the characterization in your Presentence Report (PSR). Specifically in paragraphs 34 and 59 you intimate that Love is a career offender because of at least two prior felony convictions that are either controlled substance offenses or crimes of violence. Oddly enough you do not chose to specify which priors you think might be controlled substance offenses or crimes of violence (C.O.V.). I find the failure to specify particularly surprising since at the presentence interview on 7/25/2016 I pointed out to you that the Court of Appeals had decided <u>U.S. v. Corey Jones</u>, _____F3d ____, 2016 WL 3923838 (2nd Cir. 7/21/16) a few days before and held that New York robbery in the third degree was not a C.O.V. It also made it clear that robbery in the second degree was unlikely to be C.O.V. and certainly not without the operation of the modified categorical approach and evidence that the particular subsection <u>necessarily</u> involved violent physical force. In sum, your characterization of Love as a career offender ignores the Second Circuit's recent decision in <u>Jones</u>. Your failure to specify (albeit incorrectly) what priors you think might be C.O.V.s when you were made aware that it was a major question and made aware of the Court of Appeals case on point during the PSI is unfathomable.

       In the absence of specificity I will address collectively the potential C.O.V.s on which you might be relying. In paragraph 43 you count criminal history points for a 5/13/98 sentence for N.Y. attempted robbery in the third degree. In paragraph 48 you count criminal history points for a 10/20/03 two to four year sentence for NY robbery in third degree. In paragraph 52 you list one criminal history point for a 2/11/09 2 ½ to 5 year sentence for NY robbery in third degree. In paragraph 54 you list three points for a 12/9/08 3 ½ to 7 year NY robbery in the third degree. In paragraph 55 you list three points for a 12/8/08 3 ½ to 7 year NY robbery in the third degree.

All of these convictions for NY robbery in third degree are not crimes of violence in the Second Circuit. In U.S. v. Corey Jones, ____F3d ____, 2016 WL 3923838 (2ⁿᵈ Cir. 7/21/16) the Court of Appeals held that N.Y.P.L. § 160.15 (2), first degree robbery while armed with a deadly weapon, was not categorically a crime of violence. It applied Johnson v. U.S. 135 S. Ct. 2551 (2015) to the guidelines and specifically to the career offender calculation. On the way to finding N.Y.P.L. § 160.15 (2), robbery with a weapon, not be a categorical violent the Court of Appeals made it clear that simple robbery involving forcible stealing (i.e. robbery in the third degree) is not categorically a crime of violence:

> ...we are compelled to conclude in the wake of Johnson [559 US 133 (2010) (Johnson I)] that a New York robbery conviction involving forcible stealing, absent other aggravating factors, is no longer necessarily a conviction for 'crime of violence" within the meaning of the Career Offender Guideline.
>
> Jones slip op. at p. 11.

N.Y.P.L. § 160.05 defines robbery in the third degree: "A person is guilty of robbery in the third degree when he forcibly steals property." N.Y.P.L. § 160.05. According to the Court of Appeals in Jones that is not a C.O.V. for career offender purposes. The robberies do not qualify as C.O.V.s

In paragraph 51 the PSR lists a N.Y. attempted second degree robbery for which Love was sentenced on 2/11/00 to five years. In paragraph 53 the PSR lists a N.Y. second degree robbery for which Love was sentenced on 2/11/09 to five years. For neither does the PSR list a subsection and there is no claim that either was divisible and that the subsection pled to was necessarily violent. Although the PSR lists recitals of what happened from arrest reports, Shepard v. U.S., 544 U.S. 13 (2005) makes it clear that in applying the modified categorical approach to determine if a particular offense is necessarily violent police reports and PSRs are not acceptible. The Court could rely on the Indictment or the guilty plea admissions. Of course there is no suggestion of what Love pled to or whether the particular subsections necessarily involved violent physical force. Given probation's tendency to forget the law of the modified categorical approach it is important to remember Mathis v. U.S., 136 S. Ct 2243 (2016). In Mathis the Supreme Court reminded us that the facts of a prior are irrelevant. The least of the elements must establish that the predicate is necessarily a C.O.V. In Jones the Court of Appeals ruled that robbery in the first degree while armed was not necessarily violent. It left open for Judge Garaufis to find whether a different subsection might be necessarily a violent.

There is not even a claim in the PSR that after Jones any of these robbery priors is categorically a violent. The PSR must be amended to find a specific non career offender guideline. Paragraph 33 found a combined adjusted offense level of 25. Minus three from paragraphs 35 and 36 for acceptance would produce a total offense level of 22 with a criminal history category VI which would yield an 84-105 months guideline.

-2-

The PSR also errs in trying to apply the career offender statute to Love's non-violent bank robberies. The PSR does get right in paragraph 34 that the career offender enhancement only applies if the offense of conviction is a controlled substance offense or a crime of violence. Although the PSR is silent again they probably think unarmed bank robbery is a C.O.V.. As the offenses of conviction are not C.O.V.s the career offender analysis is misapplied.

Love allocuted to going into three banks and handing the tellers a note saying this is a bank robber. On the second and third occasion, the attempted robberies, the teller refused and he walked out. These were not violent.

18 USC § 2113 defines bank robbery, inter alia, as taking or attempting to take, "...by force and violence, or by intimidation..." Here of course Love used neither force nor violence. His plea was legally sufficient because his factual allocution constituted intimidation. Several circuit court cases find "note only" bank robberies legally sufficient because the note constitutes intimidation.

In U.S. v. Lawrence, 618 F2d 986 (2nd Cir. 1980) the Court of Appeals found no force or violence but the note and saying I don't want to see anyone hurt sufficed to constitute intimidation. In U.S. Henson, 945 F2d 430 (1st Cir. 1991) the Court found a demand for money to constitute intimidation in the absence of force or threat of violence. Under the case law and in the facts of this case, note only intimidation constitutes bank robbery. Explicity the cases found no force or violence. And there was none here.

Love's particular bank robberies did not involve violent force or threats of violent force. They were not violent crimes. The facts of this case are evidence par excellence that bank robbery does not necessarily involve violent force. As Judge Lombard wrote in Lawrence, intimidation by note in the absence of force or threat will do. Love's offenses of conviction were not C.O.V.s. As probation implicitly acknowledges, the career offender analysis only apples if the offense of conviction is a drug offense or C.O.V. The Career Offender analysis is misapplied to non C.O.V. bank robbery.

Respectfully,

Peter Kirchheimer, Esq.
Deputy Attorney-in-Charge
(718) 330-1206

PK/ir

cc:    Hon. Dora L. Irizarry (By hand and ECF)
       AUSA Andrew C. Gilman, Esq. (By Hand and ECF)
       Qumille Love (MCC) (By mail)

-3-

# Exhibit B



05/05/2015 12:52:23.42
32 TELLER 647 IP

NY052

LOVE000059



05/05/2015 12:41:25.84
4 BANK FLOOR 1

NY052

LOVE000057



05/05/2015 12:49:53.08
27 TELLER LINE IP

LOVE000058

NY052