# Exhibit A

# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and*
*Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

March 15, 2017

Honorable Dora Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>United States v. Love, 15 CR 284-DLI-1</u>

Dear Chief Judge Irizarry:

I write to briefly reframe my argument that Love is not a career offender after <u>Beckles v U.S</u>, 580 US _,2017WL855781(3/6/17). I apologize for making this submission more than a week after <u>Beckles</u>, and just a few days before Love's 3/20 adjourned sentence date. It has taken me this past week to fully digest the impact of <u>Beckles</u>.

In my 10/6/2016 sentencing submissions for Love I argued that Love was not a career offender because the bank robbery offenses of conviction were not crimes of violence and also his predicate N.Y. state robberies were not crimes of violence. Chiefly the force clause of the violent crime career offender definition did not apply because his non-violent "note" robberies (this is a bank robbery. Give me the money) were not categorical robberies. There was no element of serious violence against the person. I argued they were not violent crimes under the residual clause because <u>Johnson v U.S.</u>, 135 5.Ct.2551(2015) found that clause unconstitutionally vague. Now, after <u>Beckles</u>, the residual clause is not unconstitutional because the advisory guidelines merely guide the court's discretion. Since they are not mandatory they do not violate the Due Process clause of the constitution.

However, as a statutory matter the residual clause is still unintelligible. The Court consults the guidelines first as a result of the 18 USC § 3553(a) mandate and the Supreme Court's instructions that the district court "begin all sentencing proceedings by correctly calculating the applicable guideline range" <u>U.S. v Gall.</u>, 552 US at 49(citing <u>Rita</u>, 551 US at 347-48.) In assessing Love's guidelines the Court cannot rely on the residual clause. Justice Scalia found it void for vagueness because it was unintelligible. Although not constitutionally so, if its too vague for due process it is also too vague to provide statutory guidance. As Judge Ikuta wrote in dissent in <u>U.S. v Lee</u>, 821 F3d 1124(9ᵗʰ Cir. 2016), "If <u>Johnson</u> so undermines the residual clause that it cannot be accurately interpreted, a district court would commit procedural error and abuse its discretion if it used the Guidelines residual clause to calculate the Guidelines range. 821 F3d at 1136. If the residual clause is unintelligible for due process purposes it is

equally so for statutory purposes. While it does not violate the constitution it is still unintelligible and thus as a statutory matter cannot be used to make Love a career offender.

The crux of Love's argument has always been that his federal note robberies and his N.Y. state predicates are not categorical crimes of violence and thus do not satisfy the force clause of the career offender definition. Also of course, categorical classification aside, they do not in fact involve violence against the person. The only way they could be construed as violent crimes is by application of the residual clause. Since it is unintelligible, it cannot make Love a career offender as a statutory matter.

Defendant's arguments that Love's robberies do not satisfy the force element of the career offender definition are unchanged by Beckles. As a matter of statutory interpretation neither Federal bank robbery, nor N.Y. state robbery two and three are categorical robberies. The interpretation of the New York State law as to State robbery and Second Circuit rulings as to Federal bank robbery do not rely on Johnson. All that is changed after Beckles is that the residual clause is invalid, not because it is unconstitutional but because it is unintelligible.

Because Love's bank robberies are particularly non-violent, he is not a career offender. The non-career offender guideline from paragraphs 33, 35, and 36 of the PSR would be adjusted offense level 22, C.H. category VI for an 84-105 months range. The adjusted offense level is unduly high because Love pled to all three counts of the indictment in order to preserve his right to appeal any putative career offender finding. The three count grouping yields three extra points. Were the court to disregard the three point right to appeal penalty, Love's adjusted offense level would be 19, C.H. category VI and a 63 to 78 months range. A sentence at the bottom of that range is appropriate for a bank robber who presents a note saying "This is a bank robbery" and then walks away empty handed when two out of three tellers ignore him.


Respectfully



Peter Kirchheimer



cc: AUSA Gilman (by hand and ECF)
    P.O. Maneggio (by hand)
    Qumille Love (by mail)